a furnished bungalow located at Lake Mohegan, a summer resort, for the summer season of 1941, the term to begin on July 3rd and to end on September 30th. The rent reserved was $350, to be paid in unequal installments up to August 1st. The record discloses that on October 5th plaintiff visited the premises and testified that he saw some cots and other belongings of defendants in the bungalow. On October 6th he caused a letter to be sent to defendant Cohen stating that, as the lease was terminated, he wanted the keys returned. The keys were not returned and the action was begun for $116.33 for the October rent as holdovers and for other items, including one dollar and twenty-one cents for electric current used. The judgment granted was for $117.54. The record contains no proof as to the rental value of the premises for the month of October, 1941. The amount allowed was apparently arrived .at by taking one third of the summer rental. However, as has been pointed out, that was not a monthly letting but a seasonal letting. Aside from the failure of proof, I do not believe plaintiff has the right to recover on the theory that the tenants were holdovers. Assuming that they left some of their belongings in the premises, plaintiff had the option to treat them either as trespassers or holdovers. When he notified them that the lease had terminated, he elected to treat them as trespassers and not as holdovers. The equities of the situation are with appellants. It is well known that the summer rental of bungalows of this character is compensation for the entire year. It is the only income derived from the premises. (*Orville Realty Co., Inc.,* v. *Warnick,* 113 Misc. 346.) This record fails to establish any intentional or wrongful holding over and the harsh rule invoked should not be countenanced under the facts here present. (*Smith* v. *Allt,* 7 Daly, 492; *McCabe* v. *Evers,* 9 N. Y. S. 541, not officially published; *Manly* v. *Clemmens,* 14 N. Y. S. 366, not officially published.)

ANNA M. DONOVAN, Appellant, v. YONKERS SAVINGS BANK, Respondent.—

No opinion. Carswell, Johnston, Adel, Taylor and Lewis, JJ., concur.

FIRST LYNBROOK CORPORATION, Appellant, et al., Plaintiffs, v. EMANUEL LURIO, Respondent. (Appeal No. 1.)

No opinion. Carswell, Johnston, Adel, Taylor and Lewis, JJ., concur.

FIRST LYNBROOK CORPORATION, Plaintiff, and ANNA G. STUCKER, Plaintiff-Appellant, v. EMANUEL LURIO, Respondent. (Appeal No. 2.)

No opinion. Carswell, Johnston, Adel, Taylor and Lewis, JJ., concur.

In the Matter of CHARLES W. RICE, and on Behalf of All Others Similarly Situated, Appellant, against FLUSHING HOSPITAL AND DISPENSARY et al., Respondents.—